IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-40332
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ENRIQUE LOPEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-34-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Luis Enrique Lopez violated the conditions of his term of supervised release, imposed on him by the district court for the Southern District of Mississippi in 2003, by returning to the United States illegally. After it executed an acceptance of a transfer of jurisdiction to it pursuant to 18 U.S.C. § 3605, the district court for the Southern District of Texas revoked Lopez's term of supervised release and sentenced him to serve 24 months in prison, with that term to run consecutively to his new sentence of 41 months' imprisonment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed on Lopez in another case on that same day for violating 8 U.S.C. § 1326 by again entering the United States illegally. Lopez appeals the revocation of his supervised release, contending that the district court lacked jurisdiction over him because the order transferring jurisdiction had not been signed by a judge of the Southern District of Mississippi, the transferring court.

Our preliminary review of the record leads us to believe that clerical error may account for the fact that the transfer order does not bear the electronic signature of the judge of the transferring court. We note, moreover, that at no time during the district-court proceedings did Lopez dispute the authenticity of the transfer document or object to having the revocation action heard in Texas. Nor does he otherwise challenge the revocation proceedings.

Accordingly, we order a LIMITED REMAND to the district court for the sole purpose of taking such further action as is necessary to have the transferring court review this question and, through an appropriate supplement to the record, advise this court whether the transferring court had directed that the transfer order be signed prior to the transfer. See FED. R. CRIM. P. 36 (a district court may "correct an error in the record arising from oversight or omission" at any time). Once the record has been supplemented, the case shall be returned to this court for further proceedings. This court retains jurisdiction over this case for all other purposes.